All right, Council for appellant. Yes, thank you. Good morning, Your Honor. Andrew Smith, that's from White H for appellant. If it pleases the court, I'm I'll serve probably eight minutes, maybe less. The opinion given by the BAP, in my view, didn't address anything that it was ever argued in the pleadings, and it didn't address anything that was argued in front of the BAP. And that opinion turned on appellant myself having waived the statute of limits argument and just waived arguments when we consented to the consolidation of the cases. But Mr. Abbasi never said during any of the pleadings, and many times I brought up statute of limits as to the second complaint, there was nobody said, Oh, you waived it. Well, you waived it. Now the at the oral argument is a part of me. Yes, at the oral argument, not in the opinion that I'll have to be candid and say the judges did. You know, you can tell when you're listening to judges what they're asking and thinking and they did ask a very tough question, and a much better type argument against my side that I'd rather address. And that would be basically, why couldn't I had alleged that the first complaint was could not bring up a money judgment. And in fact, the Ninth Circuit, in its opinion, specifically said, you know, even though once we find no jurisdiction, we don't address this issue. Then they went in, your honors, not this panel, but said, however, we point out that there's the fact this was a default, prove up and you can't get more than was in the, you know, there was in the original complaint. So we're not saying the original complaint was barred by the statute of limits. We're saying you can't amend it because it was approved afterwards. Well, what the night pardon me with the BAP asked, and you know, a tough question for my side is, in essence, the judgment had been vacated by the Ninth Circuit. And that complaint was still there. So Mr. Smith, why couldn't they simply go back and amend and add the prayer for money damages? Um, I might say they the second complaint that Mr. Bosley filed did have money damages in there. And he amended it a few times they had parties, but he was the one who unilaterally put in money damages. Nobody went back and got permission from the trial court to amend the first complaint. And I can be treated I wasn't doing as Judge move on said, you know, adoption argument. I didn't ask that it be dismissed. And I was fine if it gets resurrected. So the question is, can could Mr. Abbasi go back and amend and simply cure that little defect and change the prayer to money? And if he could, he'd probably be okay. The my argument my problem is one is the Ninth Circuit seemed to say in the last opinion, pointed it out as a defect. And knowing that the judgment was vacated, the Ninth Circuit seemed to say it was giving a clue to the appellee. Well, of course, I think he was he was the appellant at that time. You can't do this. Now I I've been trying to find something. Could he do it? I have a candidate and say if he had done it, I think Judge Blue Bonder was somewhat against our case would have granted it but not for sure. Because, you know, when you go to there's liberality and allowing amendments, however, there's times they're denied. One is if what you're amending, you're making no change whatsoever. And the other is if you're making too big a change or changing the gist of the case, you run into a statute of limits problem on the first case, even if that, you know, where there wasn't one before, you may run into one by saying I want to make a really big amendment. So it's not for sure. We'd have lost, we probably would have. So the basis of my complaint now is just sort of the lack of even treatment. I don't think an appellate court could say well, Mr. Abbasi, the appellant back then what or we'll just call him, I guess the trustee. He may, the lawyer made a mistake. Maybe it was malpractice. He forgot to make a motion that would have cured it. He simply forgot. We'll help him out. We'll deem that he made it. We know it would be granted. I just don't think that's fair play. I had the rules strictly applied to me when I did not arrange mediation in time. Although we had mediation, we paid for it. But then it came up and our answer was stricken not because we didn't have it because I didn't cooperate at first. Based on that, just plain fair play, due process, I think it should be sent back. And lastly, perhaps the court knows more than I did. The Ninth Circuit did seem to say he could not. My guess, when they mentioned it, it seemed to be a fatal defect. I'll reserve the rest of the time. Thank you, Your Honors. Thank you, counsel. Good morning. My name is Matthew Obasi, and I represent the Chapter 7 trustee, Edward Wolkowicz. It is a pleasure and an honor to be before the Ninth Circuit. So I very much appreciate the opportunity. I will make it brief. Frankly, I don't believe many of the things that counsel has just alluded to are actually contained in his briefings. There's a lot of things about what the judge could have, would have, should have, and the thought process of the judge making rulings, which is, I don't believe, inappropriate for this type of a setting. And moreover, I mean, the standard of today, as I understand it, is abuse of discretion. Did Judge Blubin abuse her discretion in making these rulings? And there is one fundamental point that I think counsel has alluded to, and is in his appeal briefings, is that counsel agreed, on the record, at a hearing, to the consolidation of all three cases. Had an ample opportunity to say, no, I don't want to agree to this. I wish to have a notice motion. I wish for it to be heard. He didn't make that request. So there was a stipulation on the record to consolidate all three cases with the caveat that all parties keep their rights as is. We didn't see a transcript of what happened in that hearing. So there was no record of whether Mr. O's counsel waived the statute of limitations defense. Does such a transcript exist? I believe there's a transcript of the hearing because it was a recorded hearing. So there is definitely a transcript. But there is a court order from the hearing which says it was consolidated based upon all the parties. And I believe that is part of the record. And we did list that in our briefs. So it didn't expressly address the waiver issue. The transcript, is the transcript in the record? Is it in the bankruptcy court docket? I believe it is on the bankruptcy court docket. I do not know if it was submitted as part of this brief here. But I will say one quick point. You're absolutely correct, Your Honor. It was, statute of limitations was not specifically discussed at hearing because actually it was never raised before by the parties involved. It became an issue according to counsel after the consolidated complaint was filed. Counsel found that created the statute of limitations defense. So it wasn't there before. He claims that it was created after and that he has somehow waived it at that hearing by hastily agreeing to a consolidated motion, a consolidation of the complaints. And Your Honor, there were several motions filed after the fact on this very issue. Motion to dismiss, motion for summary judgment and adjudication. And the court ruled on those. So Judge Blubon has ruled on those issues. So if the abuse of discretion standard is to be applied, it needs to be applied to all of those rulings because there were multiple hearings. At the end, it had resulted in a third amended complaint because of all the pleading work done by Mr. Smith. So this issue was heavily pledged in bankruptcy court. And that's really the crux of the matter. The counsel has never got over that rulings and has claimed that there has been some machinations by the court, by myself, that somehow or another there was an attempt to, without due process of law, to get a waiver of a defense never asserted in the first complaint. And Your Honor, that complaint was, the answer was stricken because Mr. Smith not only didn't comply with the court's order for mediation, but Mr. Smith was found to be in control by the debtor. The debtor was controlling communications. He wasn't communicating with the clients. Discovery wasn't being responded to. There were a whole bunch of malfeasance which at the end led to the extraordinary remedy for the court to strike an answer. Despite the fact the answer was stricken, counsel and the defendants were allowed to oppose the default judgment motion. And after all of that, there was a ruling which was reversed by the BAP based on election of remedies. The issue of a money judgment was never brought up with the BAP. BAP in a dicta part of it mentioned it, but the BAP had already vacated the judgment. So it was pure dicta. And that issue was pled and discussed before Judge Bluban that how does the BAP's ruling on that issue prohibit a money judgment ruling? And that issue was also, our client prevailed on it. So Your Honor, there was adequate facts in the record that Mr. Smith is sort of truncating and he's also second-guessing the court's orders, but the standard is abuse of discretion, something I don't believe he's established that. Thank you so much. Thank you, counsel. Mr. Smith? You're muted, Mr. Smith. Yes, Your Honor. To respond to the court's question, there is a transcript of that hearing. I can't find it. It's mentioned in the briefs and it's quoted verbatim. There's a lot of assertation I didn't assert. I'm not asserting that the statute of limits is why we win. First of all, the consolidation hearing was told, as Mr. Abbasi said, neither of you, neither of you will be prejudiced. And Mr. Abbasi in his briefs hits on that. Well, we were told we wouldn't be prejudiced and somehow Mr. Smith, as he just said now, added, claimed that what happened at the consolidation added a statute of limit. Never, I never did it. It didn't change anything. And of course, he says we were promised we wouldn't be prejudiced. But in the next breath, Mr. Smith, at that moment, waived his two defenses. That was the end of his defenses. One was that the opening brief, pardon me, original complaint didn't contain a money judgment request, so therefore it can't be amended. That was two prongs we have. The other was that the second complaint, the second was beyond the statute. I was told the same thing. I was promised this will, it's housekeeping. It will not waive any of, you know, your defenses or, but guess what? Substantive rights. It said not waive any of your substantive rights. Yeah, correct, Your Honor. So I wonder, and even the court, I'm not arguing some of these things. I remember Judge Blumbaum once said to me something like, we don't play gotcha in the court. Not only did I not think that that consolidation was, oh boy, I've got something, I'll keep quiet. That's not what I said. The consolidation was not really a consolidation. It was a dismissal of the first complaint. We can consider it a consolidation, but it was a dismissal of the first complaint. And we'll just go with the second. I can, I consented. There's no, there's no question about that. I consented. But the statute of limits didn't come in whatsoever. So my view, as I said, in the complaints, and really want to keep it clear, is despite being consolidated, both cases, not just based on the court's promise, but on a U.S. Supreme Court case, both cases keep their substantive rights. Both are treated, neither are harmed by the other. So we have the first case, no statute of limits, never argued that. If that stayed there, there would be the problem that the Ninth Circuit pointed out, you can't get a default judgment on, if you didn't pray for the money, relief. And then the second case filed right in the middle of the appeal process, right before the first trip to the Ninth Circuit, when the BAP said, pointed all the problems out. Mr. Abbasi solves the problems just filing a new complaint. Now, that one, I don't think anyone has a question. That was beyond the statute of limits. So both of them have fatal defects. The second one, statute of limits. The first one, can't add a money judgment. But they're combined. So Mr. Abbasi then takes the best part of each. The second, first is not beyond the statute. Great. The second, it's not barred by a lack of a prayer for money. That's there. It puts them together and has one good complaint, but ignores the bad parts. Now, I cited a U.S. Supreme Court case that said this simply, these consolidations didn't change rights whatsoever. And I was candid, and I'll be candid again, that I think the only problem was what was addressed orally to me. I looked at the video again, and the BAP, and that is, why, when they vacated the Ninth Circuit, vacated the judgment? In the first, there's no judgment, so kind of there's no default. It's vacated. Why can't Mr. Abbasi go back and make an amendment and add in the money, which would likely have been granted? So we'll just, what I think is unfair, treat it as if he did and he won. Now, the Ninth Circuit, again, seemed to say no in the last opinion. And although I agree the auditors are very, very great, the judge would grant it, I even mentioned it to Judge Blum on it. It was just like, why don't we just, you know, resurrect the, to stop this argument, just bring the Ninth, the first case back to life. But she didn't want it. So as I say, that motion's very high, likely it would have been granted, but it's, they're not always granted. One is somebody might think it was a very change in character of the first complaint, which would obligate the statute of limits, or that it was no change at all. But again, helping a lawyer who just failed to do something and saying, well, assume that he did it, doesn't smack of fair play to me, Your Honor. Thank you. Submit it on that. Thank you very much, counsel. Overs is vocal. It should be submitted.
judges: WARDLAW, IKUTA, Vratil